UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

RAJNI SHAW,                                            Case No. 21 CV 1680 (PJS/ECW)

              Petitioner,

v.                                                                 ORDER

STATE OF MINNESOTA,

              Respondent.

---

Rajni Shaw, pro se.

This matter is before the Court on petitioner Rajni Shaw's motion for a writ of mandamus. ECF No. 10.

Shaw initially filed a habeas petition on July 21, 2021. *See* Pet., ECF No. 1. In a Report and Recommendation ("R&R") dated August 16, 2021, Magistrate Judge Elizabeth Cowan Wright recommended dismissing Shaw's petition pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, because Shaw never submitted a filing fee or an application to proceed *in forma pauperis*. *See* R&R, ECF No. 5. After hearing nothing from Shaw for the better part of a year, the Court adopted the R&R and dismissed the petition without prejudice on April 27, 2022. *See* Order Adopting R&R, ECF No. 6. The clerk entered judgment the following day. *See* J., ECF No. 7. Soon after, Shaw evidently sought permission from the Eighth Circuit to file a successive habeas petition, because

the Eighth Circuit denied his request for such permission in July 2022. *See* ECF No. 8. On October 31, 2022, Shaw filed the pending motion.

Shaw has labeled his motion as a motion for a writ of mandamus, but it is unclear what he is asking for, or how it differs from his original request for habeas relief. Given that judgment has been entered in this case, the Court will construe his motion as one seeking relief from judgment under Fed. R. Civ. P. 60(b). *See Lucas v. Sinnott*, C.A. No. 09 187 Erie, 2010 WL 1375398, at *1 (W.D. Pa. Apr. 6, 2010) (construing habeas petition styled as writ of mandamus as Rule 60 motion).

Rule 60(b) identifies several grounds on which a district court may "relieve a party . . . from a final judgment," including "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), "newly discovered evidence," *id.* 60(b)(3), and "any other reason that justifies relief," *id.* 60(b)(6). The latter applies only in "extraordinary circumstances suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (citation and quotation marks omitted).

Shaw's motion does not establish any of the Rule 60(b) bases for relief, and instead simply rehashes the same material that he covered in his initial petition. Accordingly, the Court denies his motion. *See Broadway v. Norris*, 193 F.3d 987, 990 (8th

Cir. 1999) (noting that Rule 60(b) "is not a vehicle for simple reargument on the merits").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT petitioner Rajni Shaw's motion for writ of mandamus [ECF No. 10] is DENIED.

Dated: January 13, 2023

Patrick J. Schiltz, Chief Judge
United States District Court